UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Scott Clare, et al.,

    Plaintiffs,

v.

Chrysler Group, LLC,

    Defendant.
    _____/

Case No. 13-11225

Honorable Nancy G. Edmunds

### ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO STRIKE ERRATA SHEETS [56]

Plaintiffs Scott Clare, Neil Long, and Innovative Truck Storage, Inc., have filed this patent infringement case against Defendant Chrysler Group, LLC, arguing that Defendant infringed their patent for hidden pick up truck bed storage. (Dkt. 1.)

Before the Court is Defendant Chrysler Group's motion to strike Plaintiffs' errata sheets. (Dkt. 56.) Defendant argues that Plaintiffs are attempting to materially alter, through errata sheets, Plaintiffs' witnesses' deposition testimony.

On May 28, 2014, the Court heard the parties' oral arguments on this motion. The Court indicated that it would issue a brief order granting the motion.

The Court has reviewed Plaintiffs' alterations in the deposition testimony that Defendant contests. The Court has set forth the relevant portions of the depositions below.

As the Court discussed during the hearing, the Court finds that Plaintiffs went too far in their proposed alterations.

**I.**     **Federal Rule of Civil Procedure 30(e) and the courts' varying views of Rule 30(e)**

Federal Rule of Civil Procedure 30(e) contemplates changing a deposition transcript in "form or substance."[1] Courts have placed different burdens on a party attempting to change a deposition in substance and have different views of Rule 30(e).

"The traditional view is that Rule 30(e) permits a deponent to change deposition testimony by timely corrections, even if they contradict the original answers, giving reasons." *Devon Energy Corp. v. Westacott*, 09-1689, 2011 WL 1157334, at *4 (S.D.Tex. Mar. 24, 2011) (citation omitted). "Under this approach, the fact and extent of the change are treated as subjects for impeachment that may affect a witness's credibility." *Id*. at *5 (quoting "[t]he witness who changes his testimony on a material matter between the giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons he changed his testimony. There is no apparent reason why the witness who changes his mind between the giving of the deposition and its transcription should stand in any better case.") (citation omitted). "The changed version does not replace the original testimony, which remains part of the record on which the witness may be examined and impeached." *Id*. (citation omitted).

The Sixth Circuit has taken a much more restrictive approach. The Sixth Circuit, in an unpublished decision, stated that it prohibits any type of material alterations to a deposition transcript and only allows a party to use Rule 30(e) to correct a typographical error. *See*

---

[1] Federal Rule of Civil Procedure 30(e), Depositions by Oral Testimony: "On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript recording is available in which (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."

*Trout v. First Energy Generation Corp.*, 339 F.App'x 560, 565-66 (6th Cir. 2009) (reviewing Rule 30(e) and quoting that Rule 30(e) "does not allow one to alter what was said under oath," and additionally stated that "a plaintiff may not create a factual issue by filing an affidavit that contradicts her earlier deposition testimony." The Sixth Circuit quoted a district court's Rule 30(e)'s reasoning–"If [a party could use Rule 30(e) to alter testimony,] one could merely answer the questions with no thought at all [], then return home and plan artful responses.  Depositions differ from interrogatories in that regard. A deposition is not a take home examination.") (citations omitted).  Courts in the Eastern District of Michigan have followed *Trout*.  See *Walker v. 9912 E. Grand River Assocs.*, 11-12085, 2012 WL 1110005, at *3-4. (E.D.Mich. Apr. 3, 2012) (Cohn, J.) (rejecting the plaintiff's errata sheet as an attempt to materially alter deposition testimony and noting that the Sixth Circuit only permits the use of an errata sheet to correct typographical or transcription errors.); *Downing v. J.C.Penney, Inc.*, 11-15015, 2012 WL 4358628 (E.D.Mich. Sept. 23, 2012) (Cleland, J). (stating same.).

The *Devon Energy* court surveyed other courts around the country.  It noted the Sixth Circuit's very limited approach.  It then noted the "sham affidavit" rule, which "allows such corrections if the deponent can provide a reason showing that the changes were not simply 'purposeful rewrites tailed to manufacture an issue of material fact.'" *Devon Energy*, 2011 WL 1157334, at *5 (citations omitted).  The court then noted the Seventh and Tenth Circuits' form of sham affidavit approach, which allows "the deponent 'to change his deposition from what he said to what he meant' if the change does not directly contradict the original testimony, despite the fact that there may be 'a questionable basis' for the change."  *Id.* at *6.  But noting that "a change of substance which actually contradicts the

transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" (citation omitted). The Third Circuit follows a case specific approach. *Id.*

## II. The parties' arguments

Defendant argues that Plaintiffs, with their filed errata sheets, are attempting to materially alter the deposition of Plaintiffs Scott Clare, Neil Long, and Neil Long as the ITS 30(b)(6) witness. (Def.'s Mot. at 5.)

Plaintiffs argue that Defendant did not file its motion until more than two months after the witnesses submitted their changes and right before this hearing. (Pls.' Resp. at 1.) Plaintiffs maintain that the errata sheets "reflect" Plaintiffs' "conscientious efforts to correct transcription errors, to clarify indefinite pronouns, and to *harmonize – not contradict –* their answers with other answers given during the same depositions. (*Id.*) (emphasis in original). (*Id.*) Plaintiffs additionally argue that *Trout* is not binding upon the Court and that the Court should apply the "majority view" of Rule 30(e), which allows changes to the form or substance of a deposition, without limiting the changes. (Pls.' Resp. at 2.) Plaintiffs point to courts in this circuit, but not district, that have applied the broader majority view of Rule 30(e). (*Id.* at 3.)

## III. Analysis

The Court notes *Trout* and the cases following from it in this district. But the Court also finds that Plaintiffs' arguments would fail under the looser approaches as well. With their proposed changes, as the Court shows below, Plaintiffs are attempting to materially alter their witnesses' testimony. The Court will not permit such a material alteration.

Scott Clare:

| | |
|---|---|
| Q: Sure. So before your patent filing in '95, you envisioned an alternative to the Old Blue door where you would access the storage only from the top. Is that correct? <br><br> A: No, I don't think I ever - - I think I've always envisioned a combination of both. <br><br> Change "I think I've always envisioned a combination of both" to "for my prototypes, I think I've always envisioned a combination of both."    35:21-22 | Clarification; consistency with preceding testimony at 31:18-35:11. |

| | |
|---|---|
| Q: You never envisioned access solely from the top, to your storage idea?<br><br>A: Post meaning after '95?<br><br>Q: Yes, sir.<br><br>A. I think I was looking at a combination of both.<br><br><br>Change "I think I was looking at a combination of both" to "for a prototype, I think I was looking at a combination of both."   36:11 | "          " |

| | |
|---|---|
| Q: So you had two ways to deter theft in your idea?<br>A: Putting it inside the storage compartment and locking it.<br>Q: Any others?<br>A. No.<br>Q: That's a complete list of your ways of deterring theft in your idea?<br>A: Putting it inside the fender and locking it.<br><br>Change "No" to "No, other than blending the storage in with the pickup truck." 53:5. | Clarification; consistency with other testimony, e.g. at 47:6-15, 69:12-70:1, 79:4-81:8, 118:24-119:24; 325: 18-329:17. |
| Change "Putting it inside the fender and locking it" to "Putting it inside the fender and locking it, and blending the storage in with the pickup truck." 53:8. | "          " |

| | |
|---|---|
| Q: Do you lay 100 percent of the blame for the failure of Hide-N-Side to capture the market on Airshield?<br><br>A: I think they're - - yes.<br><br>Change "yes" to "yes, and on Chrysler." 255:13 | Clarification, and for consistency with other testimony starting at 259:8. |
| Q: Other than Airshield, is there anyone else that you can think of that would be to blame for the failure of the Hide-N-Side to be successful in the marketplace?<br><br>A: No.<br><br>Change "no" to "no, except to the extent Chrysler shares some blame." 258:21 | "          " |

Neil Long:

| | |
|---|---|
| Q: During the 1999 to 2000 time frame?<br><br>A: No, not at that time.<br><br><br>Change "no, not at that time," to "no, not in 1999, but in 2000, the GM StorSide and Terradyne would have been competing products."   118:24 | Misspoke |
| Q: And do you believe that that was an accurate characterization of the problem that you and Mr. Clare encountered.<br><br>A: One of the problems, yes.<br><br><br>Change "one of the problems, yes" to "one of the problems with that particular embodiment, yes."  68:24 | Clarification; consistency with other testimony at 69:114-16. |

| | |
|---|---|
| Q: Did you do that on the exterior of the truck.<br>A: We did not, but we did it on the interior.  And if you know trucks, you look at the inside and you look at the outside.<br><br>Change "we did it on the interior" to "we did it on the interior of the bed, on a panel visible from some external views." 76:15-16. | Clarification. |
| Q: Right. So it had nothing to do with patent infringement.<br>A: Right.<br><br>Change "right," to "right, unless it relates to willful infringement."    174:14 | Clarification; misspoke. |

| | |
|---|---|
| Q: Do you believe it's obvious, that storage?<br><br>A: I think I said, if I can see it it's obvious.<br><br><br><br>Change "if I can see it it's obvious" to "If I can see it has storage, it's obvious to me it has storage."  181:24-25. | Clarification. |
| Q: So you will agree with me that the door to the storage in the RamBox is not hidden?<br><br>A: It's obvious.<br><br>Q: Is the door to the RamBox hidden?<br><br>A: It's obvious. That's my answer.<br><br><br><br>Change "It's obvious" to "it's obvious to me." | Clarification. |

**IV. Conclusion**

For the above-stated reasons and the reasons enunciated on the record, the Court GRANTS Defendant's motion to strike the errata sheets.

So ordered.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated:  June 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 4, 2014, by electronic and/or ordinary mail.

                                          s/Carol J. Bethel
                                          Case Manager